Lawrence YOUNG and Willie Mae Young, Appellants/Counter–Appellees,

v.

Stanley ANDERSON, Administrator of the Estate of Virgie White, Deceased, Defendant,

and

Pate Corporation, an Oklahoma corporation, d/b/a The Madill Record and The Texoman, Appellee/Counter–Appellant.

No. 80023.

Court of Appeals of Oklahoma, Division No. 2.

Jan. 11, 1994.

Rehearing Denied March 14, 1994.

Certiorari Denied May 10, 1994.

Michael M. Blue, Merritt & Rooney, Inc., Oklahoma City, for appellants/counter-appellees.

Mitchell D. Sperry, Terry C. Kern, Kern, Mordy & Sperry, Ardmore, for appellee/counter-appellants.

REIF, Vice Chief Judge.

This appeal arises from a suit by Lawrence and Willie Mae Young to recover damages they sustained as a consequence of defendant Virgie White striking Lawrence Young with her automobile. White's liability for the Youngs' damages and the amount of damages are not issues on appeal. The only issue presented is whether the publisher, Pate Corporation, is vicariously liable for White's tort.

It was undisputed that White wrote a regular weekly column for Publisher and was en route to deliver her column to meet a deadline when she injured Lawrence Young. The trial court concluded that White was Publisher's agent insofar as the preparation of the column was concerned, but that the method of delivery was not controlled by Publisher and was discretionary with White. The trial court held that White's choice or manner of delivery was not within the scope of the agency and directed a verdict in favor of Publisher.

Both the Youngs and Publisher appeal. The Youngs contend that a question of fact was presented under the evidence on the issue of whether White was acting within the scope of her "columnist agency" at the time of the injury. Publisher contends that it was error to hold White was its agent.

Even though we agree with the trial court that the publication of White's column was beneficial to Publisher, the evidence conclusively established that White was a volunteer, independent contractor. White had complete control over whether she would write, what she would write about, and how to submit it to Publisher. *Haworth v. Central National Bank of Oklahoma City,* 769 P.2d 740, 743 (Okla.1989). *See also Haco Drilling Co. v. Burchette,* 364 P.2d 674 (Okla. 1961). White did not write exclusively for Publisher and incurred no liability if she did not submit a column to Publisher. In a few words, she was a "free-lance" contributor.

The mere fact that Publisher would accept White's work by personal delivery cannot be construed as implied authority to do so in absence of some material benefit to Publisher from the act of personal submission. In view of the present deadline, it would be immaterial to Publisher how White submitted the article. The only benefit of personal delivery would be to allow White more time to complete the article.

Accordingly, the directed verdict in favor of Publisher was correct, but not for the "outside-the-scope-of-agency" reason given by the trial court. We affirm the directed verdict on the ground that no agency relationship existed between White and Publisher as a matter of law and, therefore, Publisher had no vicarious liability for the damages White caused to the Youngs.

AFFIRMED.

BOUDREAU, P.J., and RAPP, J., concur.